## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX-16-608 |
| | * | |
| DIMITRIOS BALOURDOS, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**\*\*\*\*\*\*\***

## PROTECTIVE ORDER GOVERNING DISCLOSURE OF PROTECTED PERSONAL IDENTITY, FINANCIAL, CONTACT, AND TAX INFORMATION

The Government has filed a Motion for a Protective Order in the above-referenced matter. To expedite the flow of discovery material among the parties, facilitate the prompt resolution of disputes over confidentiality, and adequately assure the preservation of Protected Personal Identity, Financial, Contact, and Tax Information found on documents subject to criminal discovery, and ensure that protection is afforded to material so entitled, including but not limited to the mandates of the following legislation: the federal Privacy Act, 5 U.S.C. § 552a, 42 U.S.C. § 1306, and 26 U.S.C. § 6103. Pursuant to the Court's authority under Fed. R. Civ. P. 16, it is therefore ORDERED:

1.    **Definition of Protected Personal Identity, Financial, Contact, and Tax Information.** For purposes of this Protective Order, "Protected Personal Identity, Financial, Contact, and Tax Information" (collectively, "Protected Information") means any information, whether oral or recorded in any form or medium, as follows:

(1) "Protected Personal Identity Information" includes any unique identifying information such as date of birth, address, social security number, and any account numbers used by the federal government, state government, local government, or companies to identify individuals.

(2) "Protected Financial Information" includes all bank account numbers, financial account numbers, credit card numbers, and numbers of any kind used to retrieve or access assets and money, including but not limited to pin numbers, account codes and numbers, security passwords, etc.

(3) "Protected Contact Information" includes all home addresses, phone numbers for personal residences, and phone numbers for cell phones.

(4) "Protected Tax Information" means tax returns and supporting documents or information from such documents.

2.      **Production of Protected Information By The United States That May Be Subject To the Privacy Act, 5 U.S.C. § 552a, 42 U.S.C. § 1306, 26 U.S.C. § 6103, or Other Privacy Protections.** The United States may produce Protected Information to counsel for the Defendant pursuant to the discovery agreement and the government's obligations under Fed.R.Crim.P. 16. In addition, the Protected Information may be subject to additional protection under Rule 49.1 of the Federal Rules of Criminal Procedure, the local rules of this Court and federal law, including but not limited to the Privacy Act and 26 U.S.C. § 6103. The United States shall produce these documents containing Protected Information unredacted to the defendant. On producing these documents to the defendant, the United States shall designate them as "confidential" as set forth in paragraph 3 below.

3.      **Designation of Material Subject to this Protective Order.** To designate Protected Information subject to this Protective Order, the United States shall use the following designation, on the material itself, in an accompanying cover letter, on a diskette cover or label, or interrogatory or request for admission response: "CONFIDENTIAL INFORMATION- SUBJECT TO PROTECTIVE ORDER."

4.      **Access to and Use of Protected Personal Identity, Financial, and Contact Information**. Defendant and his counsel may use the Protected Information only for purposes of this litigation and may not disclose any such Protected Information to anyone not specifically entitled to access to it under this Protective Order. Defendant's counsel may disclose Protected Information to Defendant but may not provide Defendant with any documents containing Protected Information. Defendant's counsel and individuals participating in the case at the direction of counsel may only use Protected Information for the purposes of defending this criminal case, including any appeal, and may disclose Protected Information to non-parties to this litigation, such as experts or outside investigators retained by Defendant in this litigation, as follows:

a.      Such disclosure may occur only as needed for the litigation;

b.      Such disclosures may occur only after defense counsel advises the non-party of the terms of this Protective Order;

c.      Such disclosure may occur only after the signing of an Addendum by all non-parties, which states, in substance, that all non-parties will agree to be bound by the terms of this Protective Order, including consenting to the jurisdiction of this Court for the purposes of any proceedings relating to the performance under, compliance with, or violation of this Order;

d.      Defense counsel shall retain a copy of the form described in Paragraph 4c, which shall be signed by all non-parties receiving Protected Information; and

e.      Designation of Material Subject to this Protective Order: Material given to non-parties must be designated "confidential" material in an accompanying cover

3

letter, and the material itself must be labeled (*e.g.*, on the CD/DVD):

"CONFIDENTIAL INFORMATION- SUBJECT TO PROTECTIVE ORDER."

5.      **Use of Protected Information in Court Filings and Open Court.** No party shall not file documents containing Protected Information to the Court or reproduce Protected Information in any court filing unless the document or filing containing the Protected Information is placed under seal or all information that would identify the subject of the document or filing has been removed or redacted. The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider the following: redacting confidential documents to remove individual identifiers; requesting the court to submit such documents under seal; coding the documents to substitute a numerical or other designation for the patient's name or other identifying information; requesting that any exhibit be placed under seal; where practicable, introducing summary evidence that may be more easily redacted; and assuring that all Protected Information has been redacted in accordance with Rule 49.1 of the Federal Rules of Criminal Procedure and other applicable laws. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

6.      **Filing of documents.** The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

7.      **Maintenance and Storage of Protected Information.** Defendant's counsel shall maintain all Protected Information in a secure and safe area and shall exercise the same standards of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as are exercised by the recipient with respect to her or her own confidential information. In addition, non-party recipients of any Protected Information pursuant to this

4

Protective Order shall have in place appropriate administrative, technical, and physical safeguards to protect the privacy of the Protected Information.

8.      **Disposition of Protected Information.** Within 90 days of any final judgment in this case by the later of: i) the sentencing of Defendant, ii) Defendant's appeal, if any, or iii) dismissal of the indictment with or without prejudice; or within 90 days of the termination of a particular defendant's counsel's representation, Defendant and Defendant's counsel shall return the documents designated confidential and all copies thereof, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed. Defense counsel reserves the right to petition this Court for an extension of this 90-day time period as needed. Furthermore, defense counsel may maintain work product containing Protected Information subject to the same protections as this Protective Order for a period of ten years following the entry of final judgment and must thereafter destroy any and all such work product.

9.      **Addition of Defendants or Counsel after Entry of Order.** This Protective Order will cover additional Defendants and defense counsel in this case as long as they agree to be bound by the terms of this Protective Order and execute a supplemental stipulation, which shall be filed as a supplement to this Protective Order.

10.     **Modification Permitted**. Nothing in this Order shall prevent any party form seeking modification of this Protective Order. The party seeking modification must first discuss any proposed modifications with opposing counsel and attempt to reach resolution before seeking a modification from this Court.

11.     **No Waiver.** The failure to designate any materials as Protected Information as provided in this Protective Order shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

12.    **No Ruling on Discoverability or Admissibility.** This Protective Order does prevent any party from objecting to discovery that it believes to be otherwise improper. Further, this Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

13.    **Unauthorized Disclosure.** Should any Protected Information be disclosed in a manner not authorized by this Protective Order by Defendant, defense counsel, or a non-party retained by Defendant for purposes of the litigation, then defense counsel shall use his or her best efforts to obtain the return of any such Protected Information and to bind the recipient of Protected Information to the terms of this Order and shall, within ten business days of the discovery of such disclosure, inform the Court and the United States of the unauthorized disclosure and identify such recipient to the party who designated the Protected Information.

14.    **Sanctions for Unauthorized Disclosure.** Rule 16(d)(2) provides sanctions for failing to comply with the Court's Order that are just under the circumstances. Both parties shall use their best efforts to confer with the opposite parties regarding this Order before seeking relief from the Court, and neither party shall seek to have the Court impose sanctions pursuant to Rule 16(d)(2) without providing notice to the other party at least three business days in advance.

15.    **Nontermination.** This Order shall survive the termination of this Criminal Case and shall continue in full force and effect thereafter.

16.    **Reservation of Rights.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or to any division of any such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within

6

that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any

way limit or impair the use of any such designated confidential documents by an agency in any

proceeding relating to any potential violation of law or regulation, or relating to any

***

matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order.


SO ORDERED this ___15th___ day of February 2017

/S/
_____

Paula Xinis
United States District Judge

SO STIPULATED:

Rod J. Rosenstein
United States Attorney


_____ Dated: _2/14/17_
Johe F. Zimmerman
Special Assistant United States Attorney
6406 Ivy Lane, Eighth Floor
Greenbelt, Maryland 20770
(301) 344-4433


_____ /SMC Dated: _2/8/17_
John Michael McKenna, Esq.
Brennan McKenna, Chartered
6305 Ivy Lane, Suite 700
Greenbelt, MD 20770
          Attorney for Dimitrios Balourdos