**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

**THE UNITED STATES OF AMERICA**

          \*

    v.                                       **Criminal No. PX-16-0608**

          \*

**KEREM CELEM, et. al.**          \*

\*  \*  \*  \*  \*

**<u>MOTION TO SUPPRESS STATEMENTS</u>**

Defendant herein, Kerem Celem, through his attorneys, James Wyda, Federal Public Defender for the District of Maryland, and Amy S. Fitzgibbons, Assistant Federal Public Defender, hereby moves this Court for an order suppressing any and all statements made by Mr. Celem as obtained in violation of the Fifth Amendment. In support of this motion, undersigned defense counsel states as follows:

Mr. Celem is charged in the first count of an eight-count indictment with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. On February 9, 2017, he made his initial appearance in the U.S. District Court. On February 10, 2017, he appeared for a detention hearing and was ordered detained after the U.S. Magistrate found that he posed a risk of flight. On March 1, 2017, Mr. Celem was arraigned and pleaded not guilty. Mr. Celem has been detained at the Chesapeake Detention Facility.

On February 8, 2017, Mr. Celem was detained at Dulles Airport. He was held for several hours at the airport by law enforcement. He was then transported to another facility in Virginia. At this facility, he was interviewed by law enforcement, including agents from the United States

Secret Service. The agents questioned him regarding his business Kavasko, which is the subject of the charged bank fraud conspiracy.

Mr. Celem was placed under arrest at the airport when he was removed to a secured area. After several hours, law enforcement moved Mr. Celem to another location, where he was held and interviewed. He was in custody for purposes of *Miranda*. The defense has not been provided with a rights warning form, it is unclear whether Mr. Celem was advised of his *Miranda* rights.

"The requirement that *Miranda* warnings be given. . .does not dispense with the voluntariness inquiry." *Dickerson v. United States*, 530 U.S. 428, 444 (2000). In determining voluntariness of a statement, the Court must examine "the totality of the circumstances" including the defendant's individual characteristics and background, the setting in which the interview occurred and the details of the interrogation. *United States v. Elie*, 111 F.3d 1135 (4th Circuit 1997). Even if adequate warnings were provided, Mr. Celem's statements were nonetheless involuntary.

WHEREFORE, as a result of the constitutional violations alleged herein, the defendant requests that this Court enter an Order suppressing any statements made by Mr. Celem, and for such other and further relief that this Court deems appropriate.

    Respectfully submitted,

    JAMES WYDA  
    Federal Public Defender  
      for the District of Maryland

    /s/  
    AMY S. FITZGIBBONS  
    Assistant Federal Public Defender  
    6411 Ivy Lane, Suite 710  
    Greenbelt, Maryland   20770  
    Tel:   (301) 344-0600  
    Fax:   (301) 344-0019  
    Email: amy_fitzgibbons@fd.org