**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | *   **CRIMINAL NO. PX-16-0608** |
| | * |
| **KEREM CELEM,** | * |
| | * |
| **Defendant.** | * |
| | * |

******

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR RELEASE FROM PRETRIAL DETENTION**

On May 8, 2017, Defendant Kerem Celem filed a Motion for Release From Pretrial Detention. As discussed below, the Government opposes defendant's motion. The Government respectfully submits that there has not been a significant change in circumstances such as would warrant an order of release at this time.[1]

**ARGUMENT**

Defendant was indicted on one count of bank fraud conspiracy, in violation of 18 U.S.C. § 1349, on December 21, 2016. Defendant had his initial appearance on February 9, 2017, and was ordered detained on February 10, 2017. This Court found that detention was warranted based on a finding, by a preponderance of the evidence, that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required. (ECF No. 35 (Order of Detention Pending Trial).) In particular, the Court's order cited the following reasons for detention: (1) lack of significant community or family ties to this district; (2) significant or other ties outside the United States; (3) prior attempt(s) to evade law enforcement; and (4) use of alias(es) or false documents. (*See id.*) At the detention hearing, the Court noted

---

[1]  The Government also notes that defendant states in his motion that Pretrial Services opposes his release. (ECF No. 66 at 1.)

that, although the standard was preponderance of the evidence, the Government had made the requisite showing by clear and convincing evidence.

In his motion, defendant cites four purportedly new facts to justify his release from pretrial detention: (1) the possibility of a halfway house placement, which defendant asserts the Court did not consider at the original detention hearing; (2) that, contrary to the Court's finding, defendant "does have significant contacts within the metropolitan D.C. area;" (3) his alleged inability to travel; and (4) the volume of discovery in this case.[2] (ECF No. 66 at 1-3.) The Government does not agree that any of these factors, either alone or combined, justify a change in circumstances that would warrant defendant's release.

First, the Court presumably was aware at the original detention hearing that halfway house placement was a possible option, and the Government submits that halfway house placement would not mitigate the flight risk in this case. Second, as to defendant's alleged community ties, his lack of community ties was but one of the reasons cited by the Court in its February 10, 2017 Order. As noted above, the Court also cited defendant's significant or other ties outside the United States, his prior attempt(s) to evade law enforcement, and his use of alias(es) or false documents. Defendant argues that his possession of an identification document in another person's name "does not automatically render him a flight risk." (*Id*. at 3.) While that may be true, it is significant that, when defendant was arrested, he had in his possession a credit report in the name of the person in whose name defendant had obtained a D.C. identification card. Moreover, at the hearing the Government presented evidence of an allegation that defendant had rented an apartment in a second victim's name. And, defendant fails to address in

---

[2]   Other facts, such as that the charge against defendant does not trigger a statutory presumption of detention and defendant's lack of significant criminal history, were known to the Court at the time of the February 10, 2017 detention hearing.

his motion his own video-recorded statement that the reason he left the United States was because of the circumstances that led to his arrest in this case.

Third, the Government does not agree that defendant's alleged lack of ability or financial means to travel, or the Government's ability to track his international travel in order to arrest him (*see id*. at 2-3), justifies his release. Whatever ability the Government has to track defendant's international travel would be true of any defendant and does not mitigate the risk of flight in this case, especially given defendant's apparent ability to obtain identification documents in someone else's name. Moreover, defendant's suggestion that the Government somehow could prevent the Government of Turkey from issuing defendant a new passport ignores that Turkey is a sovereign nation that may or may not choose to comply with any requests made on behalf of the United States.

Fourth, as to the volume of discovery in this case, the Government does not believe that defendant's permanent release to a halfway house is the kind of temporary release envisioned by 18 U.S.C. § 3142(i).

## **CONCLUSION**

Based on the foregoing discussion and analysis, the Government respectfully requests that the Court deny defendant's motion.

                                      Respectfully submitted,

                                      Stephen M. Schenning
                                      Acting United States Attorney

By:            /s/
                   Jolie F. Zimmerman
                   Special Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

  This is to certify that on this 11th day of May 2017, a copy of the foregoing Government's Opposition to Defendant's Motion for Release From Pretrial Detention was served electronically through the Clerk of the United States District Court using CM/ECF, to:

Amy S. Fitzgibbons
Assistant Federal Public Defender
6411 Ivy Lane, No. 710
Greenbelt, Maryland 20770
(Attorney for Kerem Celem)

                 _____/s/_____
                 Jolie F. Zimmerman
                 Special Assistant United States Attorney